UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PUBLIC CITIZEN, INC., et al., | * | |
| Plaintiffs, | * | CIVIL ACTION NO. 08-4451 |
| VERSUS | * | SECTION "F" |
| | * | JUDGE FELDMAN |
| LOUISIANA ATTORNEY DISCIPLINARY BOARD, et al., | * | MAGISTRATE WILKINSON |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * *

**ANSWER AND DEFENSES OF THE LOUISIANA ATTORNEY DISCIPLINARY BOARD, BILLY R. PESNELL, AND CHARLES B. PLATTSMIER TO PLAINTIFFS' COMPLAINT**

Defendants, the Louisiana Attorney Disciplinary Board, Billy R. Pesnell, and Charles B. Plattsmier (collectively, "defendants"), by and through their attorneys, admit, deny and allege as follows:

**1.**

In response to the allegations in Paragraph 1, defendants admit that this suit challenges the constitutionality of proposed amendments to the lawyer advertising provisions of

the Louisiana Rules of Professional Conduct and that plaintiffs seek declaratory and injunctive relief. In all other respects, the allegations in Paragraph 1 are denied.

**2.**

Defendants admit that this Court has subject matter jurisdiction over plaintiffs' claims.

**3.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

**4.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

**5.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

**6.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

**7.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

**8.**

Defendants admit the allegations in Paragraph 8.

**9.**

Defendants admit the allegations in Paragraph 9.

**10.**

Defendants admit the allegations in Paragraph 10.

## FACTS

**11.**

Defendants admit the allegations in Paragraph 11.

**12.**

Defendants admit the allegations in Paragraph 12.

**13.**

The allegations in Paragraph 13 are legal conclusions as to which no responsive pleading is required. To the extent that a response is deemed necessary, defendants state that the contents of the Louisiana Rules of Professional Conduct and the referenced portions of Rule 7.1 speak for themselves.

**14.**

The allegations in Paragraph 14 are legal conclusions as to which no responsive pleading is required. To the extent that a response is deemed necessary, defendants state that the referenced portions of Rule 7.1 speak for themselves.

**15.**

Defendants deny the allegations in Paragraph 15.

**16.**

Defendants deny the allegations in Paragraph 16, except that the contents of the referenced concurrent resolution by the Louisiana State Senate speak for themselves.

**17.**

In response to the allegations in Paragraph 17 and its subparts, defendants admit that the Louisiana Supreme Court established a committee to consider lawyer advertising, that

the Louisiana State Bar Association referred the issue of amending rules to its standing Rules of Professional Conduct Committee, that that committee met for the first time on September 21, 2006, and that the committee voted to adopt several rules. In all other respects, the allegations in Paragraph 17 and its subparts are denied.

**18.**

In response to the allegations in Paragraph 18 and its subparts, defendants state that the prohibitions adopted by the committee speak for themselves. In all other respects, the allegations in Paragraph 18 and its subparts are denied.

**19.**

In response to the allegations in Paragraph 19, defendants admit that the Rules Committee held public hearings in Shreveport, Baton Rouge, Lafayette, and New Orleans between October 30 and November 9, 2006. In all other respects, the allegations in Paragraph 19 are denied.

**20.**

In response to the allegations in Paragraph 20, defendants state that the contents of any comments submitted by the Federal Trade Commission's Office of Policy Planning, Bureau of Consumer Protection, and Bureau of Economics and by plaintiffs Public Citizen, Morris Bart, and William Gee III speak for themselves. In all other respects, the allegations in Paragraph 20 are denied.

**21.**

In response to the allegations in Paragraph 21, defendants state that the contents of any amendments to New York's advertising rules speak for themselves.

951612v.1

**22.**

In response to the allegations in Paragraph 22, defendants admit that the Rules Committee voted to recommend approval of the proposed rules to the Louisiana State Bar Association House of Delegates on March 23, 2007 and that the House of Delegates voted on June 7, 2007 to recommend to the Louisiana Supreme Court that it adopt the proposed rules. In all other respects, the allegations in Paragraph 22 are denied.

**23.**

In response to the allegations in Paragraph 23, defendants state that the contents of the court's opinion in *Alexander v. Cahill*, 2007 WL 2120024 (N.D.N.Y. July 23, 2007), speak for themselves.

**24.**

In response to the allegations in Paragraph 24, defendants admit that a constitutional challenge to Florida's lawyer advertising rules was filed on January 7, 2008 and that the case is pending in the United States District Court for the Middle District of Florida. In all other respects, the allegations in Paragraph 24 are denied.

**25.**

In response to the allegations in Paragraph 25, defendants state that the contents of the referenced press release speak for themselves.

**26.**

The allegations in Paragraph 26 are legal conclusions as to which no responsive pleading is required. To the extent that a response is deemed required, defendants deny the allegations in Paragraph 26.

951612v.1

**27.**

The allegations in Paragraph 27 are legal conclusions as to which no responsive pleading is required. To the extent that a response is deemed required, defendants state that the referenced portion of Rule 7.2(c)(1)(D) speaks for itself.

**28.**

In response to the allegations in Paragraph 28, defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of various plaintiffs' firms' advertisements. Further answering, defendants state that the referenced advertisements speak for themselves.

**29.**

Defendants deny the allegations in Paragraph 29.

**30.**

Defendants deny the allegations in Paragraph 30.

**31.**

In response to the allegations in Paragraph 31, defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of various plaintiffs' firms' advertisements. In all other respects, the allegations in Paragraph 31 are denied. Further answering, defendants state that the referenced advertisements speak for themselves.

**32.**

In response to the allegations in Paragraph 32, defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the application of Florida's attorney advertising rules. In all other respects, the allegations in Paragraph 32 are denied. Further answering, the allegations in Paragraph 32 are

951612v.1

vague in that the decisions allegedly applying Florida's attorney advertising rules to prohibit certain statements – if such decisions exist – are unidentified. Defendants also state that the referenced portion of Amended Rule 7.2(c)(1)(E) speaks for itself.

**33.**

In response to the allegations in Paragraph 33, defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of various plaintiffs' firms' advertisements. In all other respects, the allegations in Paragraph 33 are denied. Further answering, the allegations in Paragraph 33 are vague in that the decisions allegedly applying Florida's attorney advertising rules to prohibit certain statements – if such decisions exist – are unidentified.

**34.**

Defendants deny the allegations in Paragraph 34.

**35.**

Defendants deny the allegations in Paragraph 35.

**36.**

In response to the allegations in Paragraph 36, defendants state that the referenced portions of Amended Rules 7.2(c)(1)(I) and 7.2(c)(1)(J) speak for themselves. In all other respects, the allegations in Paragraph 36 are denied.

**37.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37. Further answering, defendants state that the referenced advertisements speak for themselves.

**38.**

Defendants deny the allegations in Paragraph 38.

**39.**

Defendants deny the allegations in Paragraph 39.

**40.**

In response to the allegations in Paragraph 40, defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of various plaintiffs' firms' advertisements. In all other respects, the allegations in Paragraph 40 are denied. Further answering, defendants state that the referenced advertisements and portions of Louisiana's pre-amendment rules speak for themselves.

**41.**

In response to the allegations in Paragraph 41, defendants state that the referenced portion of Amended Rule 7.2(c)(1)(L) speaks for itself. In all other respects, the allegations in Paragraph 41 are denied.

**42.**

In response to the allegations in Paragraph 42, defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of various plaintiffs' firms' advertisements. In all other respects, the allegations in Paragraph 42 are denied. Further answering, defendants state that the referenced advertisements speak for themselves.

**43.**

Defendants deny the allegations in Paragraph 43.

**44.**

Defendants deny the allegations in Paragraph 44.

951612v.1

**45.**

In response to the allegations in Paragraph 45, defendants state that the referenced portions of amended Rule 7.5 speak for themselves. In all other respects, the allegations in Paragraph 45 are denied.

**46.**

In response to the allegations in Paragraph 46, defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of various plaintiffs' firms' advertisements. Further answering, defendants state that the referenced advertisements speak for themselves.

**47.**

Defendants deny the allegations in Paragraph 47.

**48.**

In response to the allegations in Paragraph 48, defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of various plaintiffs' firms' advertisements. In all other respects, the allegations in Paragraph 48 are denied. Further answering, defendants state that the referenced advertisements speak for themselves.

**49.**

Defendants deny the allegations in Paragraph 49.

**50.**

In response to the allegations in Paragraph 50, defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether plaintiffs' firms' advertisements violate the amended rules. In all other respects, the allegations in Paragraph 50 are denied.

951612v.1

**51.**

Defendants deny the allegations in Paragraph 51.

**52.**

Defendants deny the allegations in Paragraph 52.

**53.**

Defendants deny the allegations in Paragraph 53.

**54.**

Defendants deny the allegations in Paragraph 54.

**55.**

Defendants deny the allegations in Paragraph 55.

**56.**

Paragraph 56 and its subparts are requests for relief that do not require a response. Defendants deny that plaintiffs are entitled to any of the relief requested in Paragraph 56, or to any relief whatsoever.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

The Court should decline to hear any argument related to plaintiffs' allegations pursuant to the Abstention Doctrine.

### SECOND DEFENSE

Plaintiffs lack standing to bring this action.

951612v.1

## THIRD DEFENSE

Plaintiffs' purported causes of action do not set forth an actual controversy upon which a judgment may be rendered to the extent that the dispute between plaintiffs and defendants is not ripe for adjudication.

Dated: December 4, 2008

Respectfully submitted,

/s/ Kathryn M. Knight
Phillip A. Wittmann, 13625
Kathryn M. Knight, 28641
Matthew S. Almon, 31013
    Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200

and

John H. Beisner
(*pro hac vice* admission pending)
Jessica Davidson Miller
(*pro hac vice* admission pending)
O'MELVENY & MYERS, L.L.P.
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for the Louisiana Attorney Disciplinary Board, Billy R. Pesnell, and Charles B. Plattsmier*

## CERTIFICATE

I hereby certify that on this 4th day of December, 2008, a copy of the foregoing Answer and Defenses of the Louisiana Attorney Disciplinary Board, Billy R. Pesnell, and Charles B. Plattsmier to Plaintiff's Complaint has been served upon each counsel of record by notice of electronic filing generated through the CM/ECF system, and/or by United States mail, facsimile, or e-mail for those counsel who are not participants in the CM/ECF system.

*/s/ Kathryn M. Knight*