UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| PUBLIC CITIZEN, INC., et al. | * | CIVIL ACTION NO. 08-4451, c/w 08-4994 |
| Plaintiffs, | * | *This pleading applies to all cases* |
| VERSUS | * | SECTION "F" |
| LOUISIANA ATTORNEY DISCIPLINARY BOARD, et al. | * | JUDGE FELDMAN |
|  | * | MAGISTRATE WILKINSON |
| Defendants. | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO CONTINUE TRIAL AND HEARINGS
## AND TO RESCIND SCHEDULING ORDER AND PRE-TRIAL NOTICE

Defendants, the Louisiana Attorney Disciplinary Board, Billy R. Pesnell, and Charles B. Plattsmier (collectively, "Defendants"), through undersigned counsel, hereby move the Court for an order continuing the trial of this case and the scheduled hearings on motions (in particular, the March 4, 2009 hearings on plaintiffs' motions for summary judgment), without date; rescinding the current Scheduling Order (Rec. Doc. 30) and Pre-Trial Notice (Rec. Doc. 30-2); and staying all pending matters associated with this case, including, without limitation, scheduled depositions and discovery.

966546v.1

Dockets.Justia.

As set forth more fully in the accompanying Memorandum in Support, this Court should grant Defendants' motion, to avoid premature federal constitutional adjudication. At the time trial and associated preparation deadlines were set, including the March 4th date for hearing dispositive motions, the new attorney advertising rules at issue in this litigation were scheduled to take effect on April 1, 2009.

However, on February 18, 2009, the Louisiana Supreme Court ordered that implementation of the new rules be deferred until October 1, 2009. (*See* Order, attached hereto as Exhibit "A"). As set out in the Court's News Release, also issued on February 18th, the purpose of the deferred implementation is "to allow the LSBA and the Court to further study certain rules in light of the constitutional challenges that have been raised." (*See* News Release, attached hereto as Exhibit "B"). As a result, the challenged rules will not take effect on April 1st, and they may be modified before they are finally implemented on October 1st.

Accordingly, Defendants assert it would be premature for the Court to hear and decide plaintiffs' motions for summary judgment or to proceed to trial of this matter. The rules at issue are subject to further study and may not be implemented in their current form. The constitutional issues currently before the Court may be mooted or substantially modified once the LSBA and the Louisiana Supreme Court complete their additional period of study. Thus, principles of efficiency and judicial economy would seem to dictate that this Court delay consideration of the constitutional issues before it, to avoid rendering decisions that may be wholly advisory and to avoid premature federal constitutional adjudication. *See Bolline v. City*

*of New Orleans*, 757 F. Supp. 715, 719 (E.D. La. 1991) (citing *Harman v. Forssenius*, 380 U.S. 528 1965)). Plaintiffs will lose no rights and suffer no harm as a result of the requested delay, and the Louisiana Supreme Court's process of studying and implementing rules governing the practice of law will be preserved.

Counsel for defendants represent that they have discussed the requested continuance with their clients and have provided their clients with a copy of this motion and the supporting memorandum. Counsel for defendants represent that their clients consent to the requested continuance of motion and trial dates, rescission of the Scheduling Order and Pre-Trial Notice, and stay of proceedings.

**WHEREFORE**, for the reasons set forth herein and in the accompanying Memorandum in Support, Defendants, the Louisiana Attorney Disciplinary Board, Billy R. Pesnell, and Charles B. Plattsmier, move the Court for an order granting a continuance without date of the currently-scheduled motions and trial dates. The defendants further move the Court for an order rescinding the Scheduling Order (Rec. Doc. 30) and Pre-Trial Notice (Rec. Doc. 30-2) and staying all proceedings in this matter pending further action by the LSBA and/or Louisiana Supreme Court regarding the substance of the advertising rules at issue in this litigation and/or implementation of Article XVI, Rule 7 of the Articles of Incorporation of the Louisiana State Bar Association.

Alternatively, and only in the event the Court should refuse to stay this matter and continue the currently-scheduled motions and trial dates, Defendants request that the March 4,

2009 hearing on plaintiffs' motions for summary judgment be continued and reset to allow Defendants sufficient time for preparation of their oppositions to those motions.

Dated: February 23, 2009

Respectfully submitted,

/s/ Kathryn M. Knight
Phillip A. Wittmann, 13625
Kathryn M. Knight, 28641
Matthew S. Almon, 31013
    Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200

and

John H. Beisner (*pro hac vice*)
Jessica Davidson Miller (*pro hac vice*)
O'MELVENY & MYERS, L.L.P.
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for the Louisiana Attorney Disciplinary Board, Billy R. Pesnell, and Charles B. Plattsmier*

966546v.1

## **CERTIFICATE**

I hereby certify that on this 23rd day of February, 2009, a copy of the foregoing Motion to Continue Trial and Hearings and to Rescind Scheduling Order and Pre-Trial Notice has been served upon each counsel of record by notice of electronic filing generated through the CM/ECF system, and/or by United States mail, facsimile, or e-mail for those counsel who are not participants in the CM/ECF system.

/s/ Kathryn M. Knight

966546v.1