- 1 -

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PUBLIC CITIZEN, INC., et al. | * | CIVIL ACTION NO. 08-4451, c/w 08-4994 |
| Plaintiffs, | * | *This pleading applies to all cases* |
| VERSUS | * | SECTION "F" |
| LOUISIANA ATTORNEY DISCIPLINARY BOARD, et al. | * | JUDGE FELDMAN |
| Defendants. | * | MAGISTRATE WILKINSON |

## DEFENDANTS' WITNESS AND EXHIBIT LIST

Defendants, the Louisiana Attorney Disciplinary Board, Billy R. Pesnell, and Charles B. Plattsmier (collectively, "defendants"), through undersigned counsel, respectfully submit, in accordance with the Scheduling Order, the following list of all witnesses whom they will or may call to testify at trial of the captioned matter and all exhibits that they may introduce into evidence at trial:

### A. WITNESS LIST

Defendants will call the following witness to testify at trial of this matter:

980508v.1

1. Richard C. Stanley, Chair, Louisiana State Bar Association Rules of Professional Conduct Committee; Member, Louisiana Supreme Court Committee to Study Attorney Advertising

   Stanley, Flanagan & Reuter, LLC
   909 Poydras Street, Suite 2500
   New Orleans, LA 70112-4011
   504-523-1580

Defendants may call the following witnesses to testify at trial of this matter:

1. Elizabeth Erny Foote, President, Louisiana State Bar Association; Member, Louisiana Supreme Court Committee to Study Attorney Advertising

   Percy, Smith, Foote & Gadel
   P.O. Box 1632
   Alexandria, LA 71309-1632
   318-445-4480

2. John S. Boston, President, Survey Communications, Inc.

   Survey Communications, Inc.
   4511 Jamestown Avenue
   Baton Rouge, LA 70808
   225-928-0220

3. Any witness listed or called by plaintiffs.

4. Any witness necessary for impeachment purposes or rebuttal.

5. Any witness identified or determined to have relevant information in subsequent discovery.

6. An expert witness or witnesses to respond to any expert(s) whose report has not yet been provided.

7. Any witness need to authenticate documents to be admitted into evidence.

As discovery is ongoing, defendants reserve the right to amend and supplement their witness list. Defendants further reserve the right to amend and supplement their witness list subject to a further ruling by the Court on any dispositive motions filed by the parties pursuant to the Scheduling Order issued by the Court.

B. **EXHIBIT LIST**

Defendants may introduce the following exhibits at trial of this matter:

1. November 16, 1999 Petition of the Louisiana Trial Lawyer's Association to the Louisiana Supreme Court to make changes to the Rules of Professional Conduct.

2. April 10, 2000 letter from the Louisiana State Bar Association, responding to the Louisiana Supreme Court's January 20, 2000 request for review of the Louisiana Trial Lawyer's Association's proposed rule changes.

3. November 13, 2000 letter from the Louisiana State Bar Association's Advertising Committee, to the Bar Association's President, reporting on the status of the Committee's review of advertising rules.

4. Correspondence and materials received from the Florida Bar Association, as solicited by the Louisiana State Bar Association.

5. The Florida Bar Association's "Attitudes & Opinions of Florida Adults Toward Direct Mail Advertising By Attorneys."

6. The Florida Bar Association's "Summary of Findings: Florida Consumer Opinions of Lawyer Advertisements."

7. The Florida Bar Association's "Final Report of the Advertising Task Force 2004."

8. The New York State Bar Association's "Report and Recommendations of Task Force on Lawyer Advertising" and related press.

9. The State of Connecticut Judicial Branch's "Report of Committee on Lawyer Advertising."

10. The Iowa Bar Association's "Consumer Attitudes Toward *Yellow Pages* Legal Advertising."

11. The Iowa Bar Association's "Attitudes and Opinions Toward Advertising for Law Firms."

12. January 13, 2001 Resolution of the Louisiana State Bar Association House of Delegates.

13. June 7, 2001 Resolution of the Louisiana State Bar Association House of Delegates.

14. Senate Bill No. 152, introduced by Senator Gautreaux on March 16, 2006.

15. Senate Bill No. 617, introduced by Senator Marionneaux on March 17, 2006.

16. Senate Concurrent Resolution No. 113, dated June 9, 2006.

17. Louisiana State Bar Association Advertising Advisory Subcommittee Meeting Minutes and Materials, April 27, 2006.

18. Louisiana State Bar Association Advertising Advisory Subcommittee Meeting Minutes and Materials, May 10, 2006.

19. Louisiana State Bar Association Advertising Advisory Subcommittee Meeting Minutes and Materials, May 25, 2006.

20. Louisiana State Bar Association Advertising Advisory Subcommittee advertising rules proposal to the Bar's Rules of Professional Conduct Committee, dated September 7, 2006.

21. Louisiana State Bar Association Rules of Professional Conduct Committee Meeting Minutes and Materials, May 3, 2006.

22. Louisiana State Bar Association Rules of Professional Conduct Committee Meeting Minutes and Materials, September 7, 2006.

23. Louisiana State Bar Association Rules of Professional Conduct Committee Meeting Minutes and Materials, September 21, 2006.

24. Louisiana State Bar Association Rules of Professional Conduct Committee Meeting Minutes and Materials, September 26, 2006.

25. Louisiana State Bar Association Rules of Professional Conduct Committee Meeting Minutes and Materials, October 3, 2006.

26. October 13, 2006 letter from the Louisiana State Bar Association Rules of Professional Conduct Committee to the Louisiana Supreme Court, reporting on the Advertising Advisory Subcommittee's advertising rules work.

27. Transcript of Public Hearing held in Baton Rouge on November 2, 2006.

28. Transcript of Public Hearing held in Lafayette on November 8, 2006.

29. Transcript of Public Hearing held in New Orleans on November 9, 2006.

30. Transcript of Public Hearing held in Shreveport on November 16, 2006.

31. Louisiana State Bar Association Rules of Professional Conduct Committee Meeting Minutes and Materials, November 29, 2006.

32. December 1, 2006 letter from Rick Stanley to the Louisiana Supreme Court.

33. Louisiana State Bar Association Rules of Professional Conduct Committee Meeting Minutes and Materials, December 18, 2006.

34. Louisiana State Bar Association Rules of Professional Conduct Committee Meeting Minutes and Materials, March 17, 2007.

35. Louisiana State Bar Association Rules of Professional Conduct Committee Meeting Minutes and Materials, March 20, 2007.

36. March 23, 2007 Resolution proposed by the Louisiana State Bar Association Rules of Professional Conduct Committee, asking the Bar's House of Delegates to approve its proposed advertising rules.

37. August 16, 2006 Order of the Louisiana Supreme Court establishing its Committee to Study Attorney Advertising and naming members thereof.

38. Louisiana Supreme Court Committee to Study Attorney Advertising Meeting Minutes and Materials, September 15, 2006.

39. Louisiana Supreme Court Committee to Study Attorney Advertising Meeting Minutes and Materials, October 23, 2006.

40. November 27, 2006 letter from Chief Justice Kimball to the Louisiana Supreme Court Committee to Study Attorney Advertising.

41. Louisiana Supreme Court Committee to Study Attorney Advertising Meeting Minutes and Materials, February 14, 2007.

42. February 2007 Report to the Supreme Court of Louisiana from its Committee to Study Attorney Advertising.

43. March 13, 2007 letter from Chief Justice Calogero to the Louisiana State Bar Association, recommending that the advertising rules proposal be considered by its House of Delegates.

44. Louisiana State Bar Association House of Delegates Meeting Minutes and Materials, June 7, 2007.

45. June 26, 2008 Order of the Louisiana Supreme Court amending the Rules of Professional Conduct, relating to attorney advertising.

46. July 8, 2008 Press Release of the Louisiana Supreme Court announcing amendments to the Rules of Professional Conduct, relating to attorney advertising.

47. October 31, 2008 Order of the Louisiana Supreme Court delaying implementation of amendments to the Rules of Professional Conduct pending further study.

48. October 31, 2008 Press Release of the Louisiana Supreme Court announcing delayed implementation of amendments to the Rules of Professional Conduct pending further study.

49. February 18, 2009 Order of the Louisiana Supreme Court delaying implementation of amendments to the Rules of Professional Conduct pending further study.

50. February 18, 2009 Press Release of the Louisiana Supreme Court announcing delayed implementation of amendments to the Rules of Professional Conduct pending further study.

51. "Findings and Recommendations of the LSBA Rules of Professional Conduct Committee Re: New Lawyer Advertising Rules and Constitutional Challenges Raised," dated April 15, 2009.

52. June 4, 2009 Order of the Louisiana Supreme Court further amending the Rules of Professional Conduct, relating to attorney advertising.

53. June 4, 2009 Press Release of the Louisiana Supreme Court announcing further amendment of the Rules of Professional Conduct, relating to attorney advertising.

54. Survey Communications, Inc.'s expert report entitled "Research Findings: Opinions and Perceptions Study Regarding Attorney Advertising,"

55. Underlying data of expert report of Survey Communications, Inc.

56. Videotapes of focus groups convened by Survey Communications, Inc. in preparation of its expert report.

57. Compact disc of compiled lawyer advertisements utilized by Survey Communications, Inc. in its focus groups.

58. Any communications between defendants and plaintiffs.

59. Any document listed by plaintiffs or by defendants in their Initial Disclosures.

60. Any document or other materials produced by any party in this matter informally or pursuant to a discovery request.

61. Transcripts of any depositions taken in this proceeding.

62. Any document or exhibit used or introduced in any deposition taken in this proceeding.

63. Any pleadings or other documents filed in the record of this matter.

64. Any document or exhibit listed, used, or introduced by plaintiffs.

65. Any written discovery response in the captioned matter.

66. Any document referred to in any pleading or discovery request or discovery response in the captioned matter.

67. The curriculum vitae of any expert(s) testifying on behalf of any party in this matter.

68. Any reports, charts, data, diagrams, demonstrative exhibits, and documents prepared by or relied upon by any expert(s) of either party in this matter.

69. Any and all demonstrative exhibits and/or aides.

70. Any documents needed for impeachment or rebuttal.

71. Any relevant documents that are produced or discovered during the remaining course of discovery.

As discovery is ongoing, defendants reserve the right to amend and supplement their exhibit list. Defendants further reserve the right to amend and supplement their exhibit list subject to a further ruling by the Court on any dispositive motions filed by the parties pursuant to the Scheduling Order issued by the Court.

Dated: June 15, 2009
Respectfully submitted,

*/s/ Matthew S. Almon*
Phillip A. Wittmann, T.A., La. Bar No. 13625
Kathryn M. Knight, La. Bar No. 28641
Matthew S. Almon, La. Bar No. 31013
    Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130-3588
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

and

John H. Beisner, *pro hac vice*
Jessica Davidson Miller, *pro hac vice*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000

*Attorneys for Louisiana Attorney Disciplinary Board, Billy R. Pesnell, and Charles B. Plattsmier*

## **C E R T I F I C A T E**

I hereby certify that on this 15th day of June, 2009, a copy of the foregoing Defendants' Witness and Exhibit List has been served upon each counsel of record by notice of electronic filing generated through the CM/ECF system, and/or by United States mail, facsimile, or e-mail for those counsel who are not participants in the CM/ECF system.

*/s/ Matthew S. Almon*

- 9 -

980508v.1