UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT G. WOLFE, JR.; and <br> WOLFE LAW GROUP, L.L.C. <br><br> Plaintiffs, <br><br> v. <br><br> LOUISIANA ATTORNEY <br> DISCIPLINARY BOARD; BILLY R. <br> PESNELL, in his official capacity as Chair <br> of the Louisiana Attorney Disciplinary <br> Board; and CHARLES B. PLATTSMIER, <br> in his capacity as Chief Disciplinary <br> Counsel for the Louisiana Attorney <br> Disciplinary Board's Office of Disciplinary <br> Counsel; <br><br> Defendants. | Section F, Magistrate 2 <br><br> Master Docket: 08-4451 <br><br> Relates to: 08-4994 <br><br><br> **AMENDED COMPLAINT** |

**AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes SCOTT WOLFE, JR. and WOLFE LAW GROUP, L.L.C., Plaintiffs in the above-captioned and hereinafter referred to as "Plaintiffs" or "Wolfe," who submits this Amended Complaint:

1. All previous allegations and causes of action and claims for relief asserted or requested shall remain as alleged, and are re-alleged and repeated herein as if copied in extenso;

## FACTUAL ALLEGATIONS

2. On June 4, 2009, the Louisiana Supreme Court issued an order that amended the new Louisiana Rules of Professional Conduct scheduled to take effect, with the new amendments, to October 1, 2009.

3. The Louisiana Supreme Court ordered the June 4, 2009 amendments after considering the recommendations of the Louisiana State Bar Association for amendments to the Rules of Professional Conduct as set forth in its "Findings and Recommendations of the LSBA Rules of Professional Conduct Committee Regarding New Lawyer Advertising Rules and Constitutional Challenges Raised" dated April 15, 2009;

4. Among the rules amended by the June 4, 2009 order is Rule 7.6(d), which was amended to the following, with the amended portion underlined:

> (d) Advertisements. All computer-accessed communications concerning a lawyer's or law firm's services, other than those subject to subdivisions (b) and (c) of this Rule, are subject to the requirements of Rule 7.2 <u>when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain.</u>

5. Further among the rules amended by the June 4, 2009 order was Rule 7.2(c)(10), regarding required statements, disclosures and disclaimers, which provides as follows, with the amended portion underlined:

> (10) Appearance of Required Statements, <u>Disclosures and Disclaimers</u>. Any words or statements required by these Rules to appear in an advertisement or unsolicited written communication must be clearly legible if written or intelligible if spoken aloud.

> All disclosures and disclaimers required by these Rules shall be clear and conspicuous. Written disclosures and disclaimers shall use a print size at least as large as the largest print size used in the advertisement or unsolicited written communication, and, if televised or displayed electronically, shall be displayed for a sufficient time to enable the view to easily see and read the disclosure or disclaimer. Spoken disclosures and disclaimers shall be plainly audible and spoken at the same or slower rate of speed as the other spoken content of the advertisement. All disclosure and disclaimers used in advertisements that are televised or displayed electronically shall be both spoken aloud and written legibly.

6. The rule changes become effective on October 1, 2009.


**I. The Amended Rule 7.6(d) Does Not Cure It's Unconstitutional Restrictions on Commercial and Non-Commercial Speech**

7. The Defendants have modified Rule 7.6(d) by adding the phrase "when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain."

8. The original application to all "computer-accessed communications" other than those exempt by 7.6(b) and 7.6(c) is maintained, except for a new qualification related to the attorney's financial motive in speaking about his practice.

9. Attorney advertisements that qualify for regulation under amended 7.6(d), requires submission of the proposed advertisement to the Louisiana State Bar Association for prior approval, along with a fee of $175.00.

10. The Plaintiffs aver that the application of Rule 7.6(d) to all speech where "a significant motive for the lawyer's doing so is the lawyer's pecuniary gain" is impermissibly overbroad.

11. Amended Rule 7.6(d) is impermissibly vague since there is no sound basis to determine when a speaker's motive is "significant" versus when it is "insignificant," nor when the speaker's motivation is driven by "pecuniary gain."

12. The restraint of speech is a violation of the United States Constitution's First and Fourteen Amendments.

13. The Defendants has no credible proof that lawyer statements on the world wide web have misled consumers, or are otherwise harmful to them.

14. The Defendants' requirement of prior approval of Internet Ads is overly burdensome to the point of making the use of pay per click advertising, such as Google AdWords, utterly impractical and cost-prohibitive,

15. Furthermore, by charging $175.00 to the Plaintiffs for each 7.6(d) communication the Defendant seeks to place a significant, and wholly unreasonable, burden on attorneys seeking to pay per click ad campaigns such as are provided by Google Adwords.

16. The Defendants' requirement in Rule 7.2 that the attorney advertisement list the responsible attorney's name and address is also incompatible with pay per click advertising, making it impractical and cost-prohibitive.

17. In passing the original Lawyer advertising regulations, the Defendants gave no specific consideration to the existence of pay per click advertising.

18. The recent amendments announced in June of 2009 likewise were made without any specific consideration of pay per click advertising.

**II. The Amended Rule 7.2(c)(10) is unconstitutionally ambiguous, overbroad and is an unconstitutional restriction on commercial and non-commercial speech.**

19. Amended Rule 7.2(c)(10) relates to electronic communications in that it requires disclosures or disclaimers, if "displayed electronically, shall be displayed for a sufficient time to enable the view to easily see and read the disclosure or disclaimer."

20. The 7.10(c)(10) requirement is unconstitutionally overbroad and ambiguous, and the state fails to identify or prove the harm it seeks to prevent through the application of 7.10(c)(10) to any computer-accessed communications.

Dated: June 25, 2009.

           Respectfully submitted,
           /s  Ernest E. Svenson
           Ernest E. Svenson (La. Bar 17164)
           Svenson Law Firm, L.L.C.
           123 Walnut Street, Suite 1001
           New Orleans, LA 70118
           Tel: 504-208-5199
           Fax: 504-324-0453
           Counsel for Plaintiffs

           Respectfully submitted,

           /s  Scott G. Wolfe Jr.
           Scott Wolfe Jr. (La. Bar 30122)
           WOLFE LAW GROUP, L.L.C.
           4821 Prytania Street
           New Orleans, Louisiana 70115
           504-894-9653
           Fax: 866-761-8934
           scott@wolfelaw.com
           Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

A copy of this motion was served electronically upon all counsel of record on this date: June 25, 2009.

           /s   Scott G. Wolfe Jr.
           Scott G. Wolfe Jr.