UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PUBLIC CITIZEN, INC., et al. | * | CIVIL ACTION NO. 08-4451, c/w 08-4994 |
| Plaintiffs, | * | *This pleading applies to Case No. 08-4451* |
| VERSUS | * | SECTION "F" |
| LOUISIANA ATTORNEY DISCIPLINARY BOARD, et al. | * | JUDGE FELDMAN |
| | * | MAGISTRATE WILKINSON |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PCI PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The Louisiana Attorney Disciplinary Board, Billy R. Pesnell, and Charles B. Plattsmier (collectively "Defendants") respectfully submit this Memorandum in Opposition to the Motion for Summary Judgment filed by plaintiffs Public Citizen, Inc., Morris Bart, Morris Bart, L.L.C., William N. Gee, III, and William N. Gee, III, Ltd. (collectively, the "PCI Plaintiffs"). [*See* Rec. Doc. No. 83]. As set forth more fully below, the PCI Plaintiffs are not entitled to judgment as a matter of law, and their Motion for Summary Judgment should be denied.

Dockets.Justia.

## INTRODUCTION

The PCI Plaintiffs' Motion for Summary Judgment focuses on the process through which the new lawyer advertising rules were studied, drafted, and adopted, with emphasis on certain rules identified in their motion (the "Challenged Rules"). The PCI Plaintiffs attack the Challenged Rules as being unconstitutional and seek a preliminary and permanent injunction against their enforcement. Throughout their memorandum, the PCI Plaintiffs acknowledge that the Defendants neither drafted nor adopted the new lawyer advertising rules, including the Challenged Rules. *See, e.g.*, Rec. Doc. No. 83-2, at 1 (stating "the Louisiana Supreme Court adopted the amendments..."), at 3 (stating "the LSBA Committee drafted proposed amendments..."), and at 6 (stating "the Louisiana Supreme Court adopted the rules recommended by the LSBA..."). Yet the PCI Plaintiffs, by arguing in generic terms that "the State" or "Louisiana" adopted rules that impermissibly restrict commercial speech, seek judgment against the Defendants.

Three fatal flaws underlie the PCI Plaintiffs' Motion (and, indeed, their complaint): (1) the false premise of their lawsuit that *Defendants* studied, drafted, and adopted the new lawyer advertising rules; (2) the PCI Plaintiffs' failure to present a ripe case or controversy to the Court for determination; and (3) the inapplicability of the overbreadth doctrine to commercial speech cases. Moreover, the PCI Plaintiffs have not addressed and cannot meet the heavy burden required to establish that they are entitled to a preliminary injunction. For these reasons, the PCI Plaintiffs' motion for summary judgment should be denied.

# LAW AND ARGUMENT

## I. Defendants Did Not Draft or Adopt the New Lawyer Advertising Rules.

The PCI Plaintiffs' Motion is dependent wholly on the underlying premise that the Defendants drafted and adopted the new lawyer advertising rules. That premise is false, as, indeed, the PCI Plaintiffs acknowledge throughout their memorandum. Without question, Defendants did not adopt the new lawyer advertising rules. [*See* Rec. Doc. Nos. 77-6, 77-9, 77-12, 77-13, Orders of the Louisiana Supreme Court.] Moreover, the Affidavit of Charles B. Plattsmier [*see* Rec. Doc. No. 77-15], filed in support of Defendants' Motion for Summary Judgment as to the PCI Plaintiffs' claims [*see* Rec. Doc. No. 77], establishes that although Mr. Plattsmier served as disciplinary liaison to the Louisiana State Bar Association Rules of Professional Conduct Committee (the "LSBA Committee") that drafted the proposals from which the new rules ultimately were adopted by the Louisiana Supreme Court, Defendants did not author or implement the new rules. [Rec. Doc. No. 77-15 at ¶ 6.] The PCI Plaintiffs' Motion for Summary Judgment therefore must be denied for these reasons alone.

## II. There Is No Ripe Case or Controversy Before the Court.

This Court lacks subject matter jurisdiction of the PCI Plaintiffs' claims, because they have not presented a ripe case or controversy for the Court's determination. As set forth more fully in Defendants' Motion to Dismiss [*see* Rec. Doc. No. 73], the Defendants have no authority under the new advertising rules to determine whether certain advertisements or advertising methods comply with the rules – that task is vested in the LSBA Committee. [*See* Rule 7.7(e); *see also* Rec. Doc. No. 77-15, Plattsmier Affidavit at ¶ 7.] The Defendants cannot institute disciplinary action resulting from non-compliant lawyer advertising unless they become aware of a non-compliant advertisement through receipt of a public complaint or through another

source, or they receive a report of non-compliance from the LSBA Committee, issued only after the lawyer has been given an opportunity to certify that the non-compliant advertisement will not be disseminated. [*Id.* at ¶ 9.] The Defendants have received no such reports or complaints, and Defendants have no pending investigations or disciplinary actions regarding the PCI Plaintiffs' advertisements or advertising methods. [*Id.* at ¶¶ 10, 11.] Moreover, the new rules do not become effective until October 1, 2009.

More importantly, the PCI Plaintiffs have not alleged and cannot show that they have submitted any advertisements for advisory opinions or prior review, they have not alleged and cannot show that they have been told by the LSBA Committee that any advertisements or advertising methods are non-compliant, and they have not alleged and cannot show that they have been threatened with any disciplinary action. In their complaint, the PCI Plaintiffs have alleged only vague fears of disciplinary action under the new rules, based on their own speculation that certain unspecified and/or hypothetical advertisements or advertising methods may not comply with the new rules.

For these reasons and others set out in Defendants' Motion to Dismiss [*see* Rec. Doc. No. 73] and in Defendants' Motion for Summary Judgment [*see* Rec. Doc. No. 77], this Court lacks subject matter jurisdiction and must dismiss this action. *Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 348 (5th Cir. 1989); *see also Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). The PCI Plaintiffs' complaint lacks the factual specificity necessary to satisfy the threshold jurisdictional prerequisite of a ripe case or controversy. *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2003) (A court "should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical."); *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002) ("A case or controversy must be ripe for decision, meaning that it must not

be premature or speculative."). Therefore, this Court should avoid entangling itself in "the hazards of premature adjudication." *Felmeister v. Office of Attorney Ethics*, 856 F.2d 529, 535 (3d Cir. 1988). As a matter of law, this Court should dismiss the PCI Plaintiffs' claims, in their entirety.

### III. The New Lawyer Advertising Rules Pass Constitutional Muster and Should Be Allowed to Go Into Effect.

If this Court should reach the merits of this case, Defendants respectfully submit that the new lawyer advertising rules, including the Challenged Rules, pass constitutional muster for all of the reasons set forth in Defendants' Motion for Summary Judgment. [*See* Rec. Doc. No. 77.]

In short, commercial speech protections extend only to "*restrained*" and *truthful* attorney advertisements, and the First Amendment does *not* protect attorney advertisements that mislead or deceive the public. *See Bates v. State Bar of Ariz.*, 433 U.S. 350, 372 (1977) (emphasis added). Rather, the government may "*freely regulate*" commercial speech that is misleading. *Florida Bar v. Went For It, Inc.*, 515 U.S. 618, 624-25 (1995) (citing *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of N.Y.*, 447 U.S. 557, 563-64 (1980)) (emphasis added). Moreover, "when the particular content or method of the advertising suggests that it is inherently misleading or when experience has proved that in fact such advertising is subject to abuse, the States may impose appropriate restrictions." *In re R.M.J.*, 455 U.S. 191, 203 (1982). Louisiana's new lawyer advertising rules are aimed at just these types of content or methods. [*See* Rec. Doc. No. 77-11, LSBA Findings and Recommendations]. Because the new rules were reasonably tailored to prohibit only misleading content and methods, and because the

Rules otherwise allow lawyers to continue to advertise their services to the public, the new lawyer advertising rules, in their entirety, withstand constitutional scrutiny.

Even if the Challenged Rules are found not to target commercial speech that is inherently misleading or deceptive, and the *Central Hudson* test is applied, the rules pass constitutional muster. The Louisiana Supreme Court had ample evidence before it to establish the need for stricter lawyer advertising regulations. [*See* Rec. Doc. Nos. 77-6 through 77-16]. Despite the PCI Plaintiffs' assertions to the contrary, that publicly recited evidence, including the Louisiana Supreme Court's orders, its press releases, and the LSBA Findings and Recommendations [*see* Rec. Doc. No. 77-11], supports the Louisiana Supreme Court's conclusions that particular advertising content and methods were deceiving and misleading the public, and/or were undermining the ethics and integrity of the legal profession within Louisiana,[1] and that it was necessary to adopt proposed rules to specifically address these problems. [*See* Rec. Doc. No. 77-14, June 4, 2009 Press Release, Louisiana Supreme Court, at 1]. Defendants' Motion for Summary Judgment [Rec. Doc. No. 77, with attachments] provides a detailed account of the evidence supporting each of the Challenged Rules.[2]

---

[1] The Supreme Court has "given consistent recognition to the State's important interests in maintaining standards of ethical conduct in the licensed professions." *Edenfield v. Fane*, 507 U.S. 761, 767 (1993) (citing *Ohralik*, 436 U.S. at 460 and other cases); *see also Goldfarb v. Va. State Bar*, 421 U.S. 773, 792 (1975) (finding that "States have a compelling interest in the practice of professions within their boundaries, and . . . as part of their power to protect the public health, safety, and other valid interests they have broad power to establish standards for licensing practitioners and regulating the practice of professions[,]" and that "[t]he interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts'").

[2] With regard to the PCI Plaintiffs' lengthy argument against the disclaimer requirement found in Rule 7.2(c)(10), Defendants briefly note that the cases cited to support the PCI Plaintiffs' position are inapposite. In *Ibanez*, the information that was at issue was entirely *truthful* information: the fact that the lawyer disciplined was a certified financial planner. *See Ibanez v. Fla. Dep't of Bus. & Prof. Reg.*, 512 U.S. 136, 143-44 (1994). As the *Ibanez* court acknowledged, however, "in other situations or on a

- 6 -

985052v.2

Moreover, the United States Supreme Court has held that its case law should not be read "to require that empirical data come to [the Court] accompanied by a surfeit of background information . . . ." *Went For It, Inc.*, 515 U.S. at 628. Rather, the Supreme Court has "permitted litigants to justify speech restrictions by reference to studies and anecdotes pertaining to different locales altogether . . . *or based solely on 'simple common sense'* . . . ." *Id.* (emphasis added). Additionally, while the PCI Plaintiffs attempt to lessen the importance of the considered evidence by pointing to the fact that some was gathered after the Challenged Rules were originally adopted for implementation, [*see* Rec. Doc. No. 83-2, at 6-8, 11-12], the Fifth Circuit has made clear that even "*Central Hudson* does not require that evidence used to satisfy its strictures exist pre-enactment." *Pruett V. Harris County Bail Bond Bd.*, 499 F.3d 403, 410 (5th Cir. 2007); *see also Moore v. Morales*, 63 F.3d 358, 362-63 (5th Cir. 1995).

As set forth more fully in Defendants' Motion for Summary Judgment, [Rec. Doc. No. 77 and attachments], the Challenged Rules burden no more speech than necessary to further important state interests, and this Court should be "loath to second-guess the Government's judgment to that effect[]" in the case *sub judice. See Bd. of Trustees of State Univ. of N.Y. v.*

---

different record, [an] insistence on a disclaimer might serve as an appropriately tailored check against deception or confusion . . . ." *Id.* at 146.

Further, the PCI Plaintiffs cite to *Tillman v. Miller* when claiming that the disclaimer requirement in Rule 7.2(c)(10) is an unreasonable burden on their speech. *See* 133 F.3d 1402 (11th Cir. 1998). But that case involved a requirement that a disclaimer contain a "general education message" about penalties for filing a fraudulent claim. *See id.* at 1404 n.4. Here, Rule 7.2(c)(10) is only triggered when an advertisement contains potentially misleading information; advertisers are not asked to bear the "burden of the cost of educating the public about the criminal penalties for fraudulent claims[]" or the like. *See id.* at 1403-04. Rather, Rule 7.2(c)(10) is consistent with United States Supreme Court jurisprudence in that it only requires that enough information be provided "to dissipate the possibility of consumer confusion or deception." *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 650-51 (1985).

985052v.2

*Fox*, 492 U.S. 469, 478 (1989). For these reasons and others recited in Defendants' Motion, the PCI Plaintiffs' Motion for Summary Judgment should be denied.

## IV. The Overbreadth Doctrine Is Inapplicable To Commercial Speech Cases.

The PCI Plaintiffs further claim that the Challenged Rules will have "a broad chilling effect on commercial speech" and that "the breadth, vagueness, and unpredictability of the rule will inevitably lead to self-censorship on the part of lawyers." [Rec. Doc. No. 83-2, at 10, 35]. Aside from the fact that the speculative nature of these claims once again demonstrates that this matter is not ripe for adjudication [*see* Rec. Doc. No. 73], the law is well-settled that the overbreadth doctrine is inapplicable in commercial speech cases. *See Bates*, 433 U.S. at 380-81 ("Since advertising is linked to commercial well-being, it seems unlikely that such speech is particularly susceptible to being crushed by overbroad regulation."); *Ohralik v. Ohio State Bar Assoc.*, 436 U.S. 447, 462 n.20 (1978) ("Commercial speech is not as likely to be deterred as noncommercial speech, and therefore does not require the added protection afforded by the overbreadth approach.").

The premise of the overbreadth doctrine is that surrogate litigators should be allowed to challenge a rule on the ground that it might be applied unconstitutionally in circumstances other than those before the court, to prevent a chilling effect on protected speech. *See, e.g., Bates*, 433 U.S. at 380-81; *Fox*, 492 U.S. at 481. But as Justice Scalia explained in *Fox*, a rule "whose overbreadth consists of unlawful restriction of commercial speech will not be facially invalidated on that ground – our reasoning being that commercial speech is more hardy, less likely to be 'chilled,' and not in need of surrogate litigators." *Fox*, 492 U.S. at 481 (citing *Bates*, 433 U.S. 380-81, and *Ohralik*, 436 U.S. at 462 n.20).

Here, the Challenged Rules are directed solely at commercial speech. *See* Rule 7.1(a) (stating, at the outset, that the Rules are addressed to "Permissible Forms of Advertising"). Rule 7.1(a) goes on provide that "a lawyer *may advertise*" through use of various media. (Emphasis added). The PCI Plaintiffs have not asserted that any other speech presently is at issue. [*See, e.g.*, Rec. Doc. No. 83-2, at 10 (stating, in the heading for their main argument, that "The Challenged Rules Unconstitutionally Restrict the Content of *Commercial* Speech") (emphasis added)]. Further, on their face, the Rules only apply to advertisements, including unsolicited communications seeking professional employment, and the LSBA Committee's Findings and Recommendations, as accepted by the Louisiana Supreme Court, confirm this. [*See* Rec. Doc. No. 77-11, LSBA Findings and Recommendations of the LSBA, at *passim*].

Moreover, the PCI Plaintiffs' assertion that "Louisiana lawyers have nothing other than . . . arbitrary decisions [from Florida courts] for guidance in interpreting the rules as applied to their own ads[,]" [Rec. Doc. No. 83-2, at 34], is patently wrong. Rather, at the outset, if the PCI Plaintiffs seek guidance as to how the Challenged Rules may be interpreted and applied, they need look only to the LSBA Committee's *Handbook on Lawyer Advertising and Solicitation* (Oct./Nov. 2008) [*see* Rec. Doc. Nos. 77-16 through 77-18]. Further, if the PCI Plaintiffs truly desire personalized guidance as to how the Challenged Rules may be interpreted and applied, they can take advantage of the advisory opinion and review provisions of Rule 7.7 to seek the LSBA Committee's interpretation and application of the Rules. Such a request – if and when made – cannot subject the PCI Plaintiffs to disciplinary action, unless they choose to disseminate non-compliant materials after being advised by the Committee that they are non-compliant. *See* Rule 7.7(g). Again, the PCI Plaintiffs' claims are, at best, subjective fears that unspecified current or future speech *might* be determined by the Committee to be non-compliant under the

Rules and *might* subject the PCI Plaintiffs to disciplinary action. This Court should decline to engage in premature adjudication of such speculative claims. *Shields*, 289 F.3d at 835; *Felmeister*, 856 F.2d at 535.

Finally, even if the overbreadth doctrine were to apply, it would not be available to the PCI Plaintiffs here. To assert an overbreadth challenge, a plaintiff first must establish a concrete, specific injury sufficient to establish constitutional standing. *See, e.g., KH Outdoor, L.L.C. v. Clay Cty., Fla.*, 482 F.3d 1299, 1305 (11th Cir. 2007) (refusing to reach overbreadth challenge where plaintiff lacked standing); *Bischoff v. Osceola County, Fla.*, 222 F.3d 874, 885 (11th Cir. 2000) (analyzing the three constitutional prongs of standing before considering plaintiff's facial challenge under the overbreadth doctrine); *Wis. Right to Life, Inc. v. Paradise*, 138 F.3d 1183, 1186 (7th Cir. 1998) ("A litigant cannot create a case or controversy just by making an untenable 'facial' attack on a statute; actual injury and redressability are essential no matter how the challenge is cast."). As set forth in Defendants' Motion to Dismiss [*see* Rec. Doc. No. 73], the PCI Plaintiffs have not established the ripeness and standing components essential to subject matter jurisdiction. Therefore, their overbreadth challenges also must fall as a matter of law.

V. **The PCI Plaintiffs Are Not Entitled To A Preliminary Injunction, As They Have Not Addressed Their Burden Of Persuasion For Such Relief, Let Alone Carried That Burden.**

Finally, to obtain a preliminary injunction, a plaintiff must show *all* of the following:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and

(4) that the grant of an injunction will not disserve the public interest.

*Speaks, D.C. v. Kruse*, 445 F.3d 396, 399-400 (5th Cir. 2006) (internal quotations omitted); *see also Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998). A preliminary injunction "*is an extraordinary and drastic remedy, not to be granted routinely*, but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (emphasis added); *see also Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989); *Simm, D.D.S. v. La. State Bd. of Dentistry*, No. 01-2608, 2002 WL 63538, at *2 (E.D. La. Jan. 16, 2002). Here, the PCI Plaintiffs have requested that the Challenged Rules be preliminarily enjoined, [Rec. Doc. No. 83, at 1], but they have not addressed – and cannot carry – their burden of persuasion. The PCI Plaintiffs' request for a preliminary injunction therefore should be denied.

*[Space left blank intentionally.]*

985052v.2

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in their Motion to Dismiss [Rec. Doc. No. 73] and in their Motion for Summary Judgment [Rec. Doc. Nos. 77], Defendants respectfully assert that the PCI Plaintiffs are not entitled to judgment as a matter of law. This Court therefore should deny the PCI Plaintiffs' Motion for Summary Judgment.

Dated: July 21, 2009

Respectfully submitted,

/s/ Phillip A. Wittmann
Phillip A. Wittmann, T.A., La. Bar No. 13625
Kathryn M. Knight, La. Bar No. 28641
Matthew S. Almon, La. Bar No. 31013
   Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130-3588
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

*Attorneys for Louisiana Attorney Disciplinary Board, Billy R. Pesnell, and Charles B. Plattsmier*

## CERTIFICATE

I hereby certify that on this 21st day of July, 2009, a copy of the foregoing Defendants' Memorandum in Opposition to the PCI Plaintiffs' Motion for Summary Judgment has been served upon each counsel of record by notice of electronic filing generated through the CM/ECF system, and/or by United States mail, facsimile, or e-mail for those counsel who are not participants in the CM/ECF system.

/s/ Phillip A. Wittmann

- 12 -

985052v.2