UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PUBLIC CITIZEN, INC., et al. | * | CIVIL ACTION NO. 08-4451, c/w 08-4994 |
| Plaintiffs, | * | *This Pleading Applies to No. 08-4994* |
| VERSUS | * | SECTION "F" |
| LOUISIANA ATTORNEY DISCIPLINARY BOARD, et al. | * | JUDGE FELDMAN |
| | * | MAGISTRATE WILKINSON |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO WOLFE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The Louisiana Attorney Disciplinary Board, Billy R. Pesnell, and Charles B. Plattsmier (collectively "Defendants") respectfully submit this Memorandum in Opposition to the Motion for Summary Judgment filed by plaintiffs Scott Wolfe, Jr. and the Wolfe Law Group, L.L.C. (collectively, the "Wolfe Plaintiffs"). [*See* Rec. Doc. No. 70]. As set forth more fully below, the Wolfe Plaintiffs are not entitled to judgment as a matter of law, and their Motion for Summary Judgment should be denied.

## INTRODUCTION

The Wolfe Plaintiffs' Motion for Summary Judgment focuses on the process through which the new lawyer advertising rules – particularly those portions of the rules related to internet advertising – were studied, drafted, and adopted. Throughout their memorandum, the Wolfe Plaintiffs assign to an ill-defined "Study Committee,"[1] and occasionally to Defendants, responsibility for various alleged shortcomings in the rules-drafting process. The Wolfe Plaintiffs then attack the rules as adopted as being overbroad.

Three fatal flaws underlie the Wolfe Plaintiffs' Motion (and, indeed, their complaint): (1) their incorrect assumption that *Defendants* studied, drafted, and adopted the new lawyer advertising rules; (2) their failure to present a ripe case or controversy to the Court for determination; and (3) their failure to recognize that the overbreadth doctrine is inapplicable to commercial speech. For these reasons, the Wolfe Plaintiffs' motion for summary judgment should be denied.[2]

## LAW AND ARGUMENT

### I. Defendants Did Not Draft or Adopt the New Lawyer Advertising Rules.

The Wolfe Plaintiffs' Motion is dependent wholly on the underlying premise that the Defendants drafted and adopted the new lawyer advertising rules. Their premise is false. Without question, Defendants did not adopt the new lawyer advertising rules. [*See* Rec. Doc. Nos. 75-6, 75-7, 75-10, 75-11, Orders of the Louisiana Supreme Court.] Moreover, the Affidavit

---

[1] *See* Rec. Doc. No. 70-2 at 2.

[2] To the extent that the Wolfe Plaintiffs adopt and incorporate by reference the Motion for Summary Judgment filed by Public Citizen, Inc., Morris Bart, Morris Bart, L.L.C., William N. Gee, III, and William N. Gee, III, Ltd. [Rec. Doc. No. 83], Defendants adopt and incorporate by reference their opposition to that motion in response to Wolfe Plaintiffs' motion.

of Charles B. Plattsmier [*see* Rec. Doc. No. 75-13], filed in support of Defendants' Motion for Summary Judgment as to the Wolfe Plaintiffs' claims [*see* Rec. Doc. No. 75], establishes that although Mr. Plattsmier served as disciplinary liaison to the Louisiana State Bar Association Rules of Professional Conduct Committee (the "LSBA Committee") that drafted the proposals from which the new rules ultimately were adopted by the Louisiana Supreme Court, Defendants did not author or implement the new rules. [Rec. Doc. No. 75-13 at ¶ 6.] The Wolfe Plaintiffs' Motion for Summary Judgment therefore must be denied for these reasons alone.

## II.   There Is No Ripe Case or Controversy Before the Court.

This Court lacks subject matter jurisdiction of the Wolfe Plaintiffs' claims, because they have not presented a ripe case or controversy for the Court's determination. As set forth more fully in Defendants' Motion to Dismiss [*see* Rec. Doc. No. 73], the Defendants have no authority under the new advertising rules to determine whether certain advertisements or advertising methods comply with the rules – that task is vested in the LSBA Committee. [*See* Rule 7.7(e); *see also* Rec. Doc. No. 75-13, Plattsmier Affidavit at ¶ 7.] The Defendants cannot institute disciplinary action resulting from non-compliant lawyer advertising unless they become aware of a non-compliant advertisement through receipt of a public complaint or through another source, or they receive a report of non-compliance from the Committee, issued only after the lawyer has been given an opportunity to certify that the non-compliant advertisement will not be disseminated. [*Id.* at ¶ 9.] The Defendants have received no such reports or complaints, and Defendants have no pending investigations or disciplinary actions regarding the Wolfe Plaintiffs' advertisements or advertising methods. [*Id.* at ¶¶ 10, 11.] Moreover, the new rules do not become effective until October 1, 2009.

985358v.1

More importantly, the Wolfe Plaintiffs have not alleged and cannot show that they have submitted any advertisements for advisory opinions or prior review, they have not alleged and cannot show that they have been told by the LSBA Committee that any advertisements or advertising methods are non-compliant, and they have not alleged and cannot show that they have been threatened with any disciplinary action. In their complaint, the Wolfe Plaintiffs have alleged only vague fears of disciplinary action under the new rules, based on their own speculation that certain unspecified and/or hypothetical advertisements or advertising methods may not comply with the new rules.

For these reasons and others set out in Defendants' Motion to Dismiss [*see* Rec. Doc. No. 73] and in Defendants' Motion for Summary Judgment [*see* Rec. Doc. No. 75], this Court lacks subject matter jurisdiction and must dismiss this action. *Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 348 (5th Cir. 1989); *see also Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). The Wolfe Plaintiffs' complaint lacks the factual specificity necessary to satisfy the threshold jurisdictional prerequisite of a ripe case or controversy. *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2003) (A court "should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical."); *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002) ("A case or controversy must be ripe for decision, meaning that it must not be premature or speculative."). Therefore, this Court should avoid entangling itself in "the hazards of premature adjudication." *Felmeister v. Office of Attorney Ethics*, 856 F.2d 529, 535 (3d Cir. 1988). As a matter of law, this Court should dismiss the Wolfe Plaintiffs' claims, in their entirety.

985358v.1

## III. The Overbreadth Doctrine Is Inapplicable to Commercial Speech Cases.

Finally, the Wolfe Plaintiffs claim that Rule 7.6(d) "is unconstitutionally vague and overbroad because its sweeping language regulates non-commercial speech of attorneys." [Rec. Doc. No. 70-2, at 12]. As set forth in Defendants' Motion for Summary Judgment, the new lawyer advertising rules demonstrate on their face that they apply only to commercial speech – lawyer advertisements and unsolicited communications seeking professional employment. [*See* Rec. Doc. No. 75-2 at 13-14]. And it is well-settled that the overbreadth doctrine is inapplicable in commercial speech cases. *See Bates v. State Bar of Arizona*, 433 U.S. 350, 380-81 (1977) ("Since advertising is linked to commercial well-being, it seems unlikely that such speech is particularly susceptible to being crushed by overbroad regulation."); *Ohralik v. Ohio State Bar Assoc.*, 436 U.S. 447, 462 n.20 (1978) ("Commercial speech is not as likely to be deterred as noncommercial speech, and therefore does not require the added protection afforded by the overbreadth approach."); *Bd. of Trustees of State Univ. of N.Y. v. Fox*, 492 U.S. 469, 481 (1989) (A rule "whose overbreadth consists of unlawful restriction of commercial speech will not be facially invalidated on that ground – our reasoning being that commercial speech is more hardy, less likely to be 'chilled,' and not in need of surrogate litigators.") (citing *Bates*, 433 U.S. 380-81, and *Ohralik*, 436 U.S. at 462 n.20).

Here, the new lawyer advertising rules, and Rule 7.6(d) particularly, are directed solely at commercial speech — advertisements and communications, *i.e.* lawyer solicitations and emails, seeking professional employment. *See* Rule 7.1(a) (stating, at the outset, that the Rules are addressed to "Permissible Forms of Advertising"). Rule 7.1(a) goes on provide that "a lawyer *may advertise*" through use of various media, including computer-accessed

communications. (Emphasis added). Rule 7.6 defines computer-accessed communications and provides in subpart (d), entitled "Advertisements," that "computer-accessed communications concerning a lawyer's or law firm's services" (other than the lawyer's website and unsolicited email communications) are subject to Rule 7.2 (which sets forth required content, permissible content, and prohibited content), "when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain." *See* Rule 7.6(d).

Thus, on their face, the rules apply to advertisements, including unsolicited communications seeking professional employment. Unless a lawyer is advertising, his/her internet communications — whether "press releases, educational materials, law review or journal articles, educational seminars conducted online, general appearances in Internet communities, or other similar types of online communications" [Rec. Doc. No. 70-2, at 12] — are simply not subject to the challenged rules. Indeed, while the rules provide that lawyers may advertise through the use of computer-accessed communications, the rules do not provide that all computer-accessed communications are advertisements subject to the rules. The LSBA Committee's Findings and Recommendations, as accepted by the Louisiana Supreme Court, confirm that the rules are meant to apply to advertisements disseminated through the internet — but not to forms of non-commercial speech in which a lawyer might engage on the internet. [*See* Rec. Doc. No. 75-9, LSBA Findings and Recommendations, at 2-5.]

Even if the Wolfe Plaintiffs continue to fear that certain forms of non-commercial speech, such as internet discussions and discourse about legal topics, might be construed as advertisements, they can take advantage of the advisory opinion and review provisions of Rule 7.7 to seek the LSBA Committee's interpretation and application of the Rules. Such a request —

- 6 -

985358v.1

if and when made – cannot subject the Wolfe Plaintiffs to disciplinary action, unless they choose to disseminate non-compliant materials after being advised by the Committee that they are non-compliant. *See* Rule 7.7(g). The Wolfe Plaintiffs' claims to the contrary are, at best, subjective fears that unspecified current or future speech *might* be determined by the LSBA Committee to be non-compliant under the rules and *might* subject the Wolfe Plaintiffs to disciplinary action. This Court should decline to engage in premature adjudication of such speculative claims. *Shields*, 289 F.3d at 835; *Felmeister*, 856 F.2d at 535.

Finally, even if the overbreadth doctrine were to apply, it would not be available to the Wolfe Plaintiffs here. To assert an overbreadth challenge, a plaintiff first must establish a concrete, specific injury sufficient to establish constitutional standing. *See, e.g., KH Outdoor, L.L.C. v. Clay Cty., Fla.*, 482 F.3d 1299, 1305 (11th Cir. 2007) (refusing to reach overbreadth challenge where plaintiff lacked standing); *Bischoff v. Osceola County, Fla.*, 222 F.3d 874, 885 (11th Cir. 2000) (analyzing the three constitutional prongs of standing before considering plaintiff's facial challenge under the overbreadth doctrine); *Wis. Right to Life, Inc. v. Paradise*, 138 F.3d 1183, 1186 (7th Cir. 1998) ("A litigant cannot create a case or controversy just by making an untenable 'facial' attack on a statute; actual injury and redressability are essential no matter how the challenge is cast."). As fully set forth in Defendants' Motion to Dismiss [*see* Rec. Doc. No. 73], the Wolfe Plaintiffs have not established the ripeness and standing components essential to subject matter jurisdiction. Therefore, their overbreadth challenges also must fall as a matter of law.

- 7 -

985358v.1

## CONCLUSION

For the reasons set forth herein, in Defendants' Motion to Dismiss [Rec. Doc. No. 73] and in Defendants' Motion for Summary Judgment [Rec. Doc. 75], Defendants respectfully assert that the Wolfe Plaintiffs are not entitled to judgment as a matter of law. This Court therefore should deny the Wolfe Plaintiffs' Motion for Summary Judgment.

Dated: July 21, 2009

Respectfully submitted,

/s/ Phillip A. Wittmann
Phillip A. Wittmann, T.A., La. Bar No. 13625
Kathryn M. Knight, La. Bar No. 28641
Matthew S. Almon, La. Bar No. 31013
    Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130-3588
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

*Attorneys for Louisiana Attorney Disciplinary Board, Billy R. Pesnell, and Charles B. Plattsmier*

985358v.1

## **CERTIFICATE**

I hereby certify that on this 21st day of July, 2009, a copy of the foregoing Defendants' Memorandum in Opposition to Wolfe Plaintiffs' Motion for Summary Judgment has been served upon each counsel of record by notice of electronic filing generated through the CM/ECF system, and/or by United States mail, facsimile, or e-mail for those counsel who are not participants in the CM/ECF system.

/s/ Phillip A. Wittmann